[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision
In these two actions one party seeks vacation of an arbitration award and the other seeks correction of the same
In the arbitration hearing the parties stipulated to the following facts:
1. On or about May 30, 1991, claimants Maria F. Sybalsky, Julia Sybalsky and Megan Toohey were in a Glens Falls-insured vehicle which was involved in a motor vehicle accident with Mr. David Emery, hereinafter "tortfeasor." Said vehicle was underinsured.
2. At said time, there was in full force and effect an insurance policy, #1OP 0981 26 06, which policy was issued in the State of New York and provided in its Declarations Pages and its text for underinsured motorist coverage in the amount of $50,000 per occurrence.
3. At said time, the subject insurance policy provided CT Page 6212 liability coverages in the amount of $340,000 per occurrence.
4. At said time, Maria F. Sybalsky was a named insured on the subject insurance policy and Julia Sybalsky and Megan Toohey were insureds within the meaning of the policy for the purposes of pursuing a claim for underinsured motorist benefits.
5. It is the position of the claimants that because the subject vehicle was being operated within the State of Connecticut at the time of the subject accident, the Glens Falls Insurance Company policy must provide underinsured motorist coverage in the amounts of $340,000 initially, said amount being equal to the liability coverages purchased and that additionally the $340,000 in per vehicle coverage therefore provided should be "stacked" to provide total under insured motorist coverage in the amount of $1,360,000.
6. It is the position of the respondent that the terms of the contract define the rights and obligations of the parties and that, as a consequence, the underinsured motorist coverage provided to the claimants is $50,000.
7. Issues of credit, set-off and damages will be addressed by the parties, or by the arbitration panel if agreement can not be reached, after the panel has determined what the available underinsured motorist coverage is.
8. The parties do hereby stipulate that the issue now to be decided by this panel is as follows:
Does the out-of-state coverage provision found in the subject policy (which policy is being made part of the record of this proceeding) or applicable New York law entitle the claimants to coverage beyond the $50,000?, pursuant to applicable Connecticut law.
The arbitrators made that last paragraph of the stipulation their "Stipulated Question." They added a question as follows:
"Is the passenger entitled to the same coverage as the insureds?"
Their award was "in the affirmative" to the stipulated question and that "there is $340,000 of available coverage." Their award in regard to the additional question was "in the CT Page 6213 affirmative."
The arbitrators concluded that claimant's car was neither registered nor garaged in Connecticut.
As to out-of-state coverage the policy reads as follows: Out of State Coverage
 If an auto accident to which this policy applies occurs in any state or province other than the one in which your covered auto is principally garaged, we will interpret your policy for that accident as follows:
A. If the state or province has:
 1. A financial responsibility or similar law specifying limits of liability for bodily injury or property damage higher than the limit shown in the Declarations, your policy will provide the higher specified limit.
 2. A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required minimum amounts and types of coverage. (See petitioner's Exhibit A, policy p. 3).
Law
Connecticut being the state that has the out-of-state designation does not require a non-resident to maintain uninsured or underinsured (UM) coverage. C.G.S. § 14-112.
By itself the out-of-state coverage portion of the policy makes it clear that the UM requirement does not apply to out-of-state (Connecticut) accidents involving non-resident's.
Our mandatory insurance provision applies only to cars registered or garaged in Connecticut.
The New York law upon which claimants rely provides in § 5103(e)
 "Every owner's policy of liability insurance . . . shall also provide, when a motor vehicle covered by such policy is used or operated in any other state or in any Canadian province, insurance CT Page 6214 coverage for such motor vehicle at least in the minimum amount required by the laws of that state or province."
In our situation the subject insurance policy provided $50,000 of insurance and our C.G.S. § 14-112 requires only $20,000 per person. $40,000 per accident and no UM insurance. Thus the recovery under the subject policy is limited to $50,000 for this accident.
The Glens Falls Insurance Company application to correct is granted. The award is limited to $50,000.
Claimants application is denied.
O'Neill, J.